FRANK N. DARRAS #128904, Frank@DarrasLaw.com
LISSA A. MARTINEZ #206994, LMartinez@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
SHAWN S. DHILLON #291527, SDhillon@DarrasLaw.com

**DarrasLaw**

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
LASELLE BOOKER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LASELLE BOOKER,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN |
|---|---|

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ACCENTURE LLP ("Plan") is an employee welfare benefit plan established and maintained by Accenture LLP to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, LASELLE BOOKER, with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2)[1] in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of Accenture LLP, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number DVT-980011 that had

---

[1] 29 USC section 1132(e)(2) provides: "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

been issued by Defendant LINA[2] to Accenture LLP to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff. A copy of the subject policy is attached hereto as Exhibit "A".

8. The Plan provides a monthly benefit equivalent to sixty percent (60%) of MR. BOOKER's Covered Earnings less Other Income Benefits following a 90 day Elimination Period.

9. The Plan defines "Disability" as: "The Employee is considered Disabled if, solely, because of Injury or Sickness, he or she is:

- 1. Unable to perform the material duties of his or her Regular Occupation; and
- 2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

10. The Plan provides monthly benefits to the later of the date the 60th Monthly Benefit is payable or MR. BOOKER's 65th birthday.

11. Prior to his disability, Plaintiff was working as a Vice President of Business Development for Accenture LLP.

12. As a result of prostate cancer and cancer treatment, Plaintiff became disabled as defined by the Plan, on or about May 25, 2012.

13. Plaintiff timely submitted a claim to LINA for payment of disability benefits.

14. In February 2012, MR. BOOKER was diagnosed with prostate cancer.

15. On or about June 5, 2012, Dr. Glenn Tonnesen (Oncologist) noted that MR. BOOKER had recently been diagnosed with prostate cancer, and that he had started Androgen therapy two weeks prior. Dr. Tonnesen also noted that radiation was to begin

---

[2] Although correspondence to Plaintiff during the administration of this claim has "CIGNA" on the letterhead, LINA was the underwriting and issuing company. Additionally, according to correspondence to Plaintiff on the claim: "CIGNA Group Insurance is a registered service mark of CIGNA Intellectual Property, Inc. licensed for use by insurance company subsidiaries of CIGNA Corporation, including Life Insurance Company of North America...Products and services are provided by these insurance company subsidiaries and not by CIGNA Corporation." Therefore, both CIGNA and Life Insurance Company of North America will be referred to as "LINA" herein.

1 in six weeks.

2     16. On or about November 13, 2012, MR. BOOKER saw Dr. Sunil Patel and
3 expressed that he was experiencing extreme fatigue and weakness.

4     17. On or about January 22, 2013, MR. BOOKER saw Dr. Patel and was given
5 a shot of Lupron.

6     18. On or about February 14, 2013 Dr. William Kimbrough answered LINA's
7 questions about MR. BOOKER's restrictions and limitations that prevented him from
8 returning to work.

9 - 1. Restrictions and limitations that prevented the patient from
10    returning to work: Mr. Booker is experiencing very low energy
11    levels, poor sleep, and difficulty concentrating as a result of his
12    recent medical therapies. He's also experiencing some bowel
13    incontinence that is limiting his freedom of movement.

14     19. On or about February 15, 2013, Mr. Booker received another shot of
15 Lupron.

16     20. On or about May 2, 2013, MR. BOOKER received another shot of Lupron
17     21. On or about June 6, 2013, MR. BOOKER received another shot of Lupron.
18     22. On or about August 16, 2013, MR. BOOKER received another shot of
19 Lupron.

20     23. On or about September 26, 2013, LINA denied MR. BOOKER's claim for
21 ongoing disability benefits.

22     24. On or about October 29, 2013, the Social Security Administration found MR.
23 BOOKER to be totally disabled under its rules and issued a Fully Favorable
24 Administrative Law Judge ("ALJ") Decision. This Fully Favorable ALJ decision noted
25 the following:

26 - 3. The claimant has the following severe impairments; prostate
27    cancer status post prostatectomy, radiation, and hormones;
28    insomnia; anemia; tachycardia with murmur and abnormal EKG

showing possible anterior infarct; and stage 3 chronic kidney disease (20 CFR 404.1520(c)).

- 5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: the claimant would be off task more than 15% to 18% of the workday.
- 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565). The demands of the claimant's past relevant work as vice president of business development exceed the residual functional capacity.
- 10. Considering the claimants age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).
- 11. The claimant has been under a disability as defined in the Social Security Act since May31, 2012, the alleged onset date of disability (20 CFR 404.1520(g)).

25. On or about January 30, 2014, MR. BOOKER appealed the LINA's denial of his LTD claim and submitted medical records and other documentation in support of his disability.

26. On or about March 25, 2014, LINA denied MR. BOOKER's appeal and upheld its denial of his LTD claim. On March 25, 2014, LINA also informed MR. BOOKER that:

- "You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a)…"

27. In so doing, LINA unreasonably, unlawfully, arbitrarily and capriciously: failed to have Plaintiff independently examined[3]; failed to have Plaintiff undergo a

functional capacity evaluation; failed to take into consideration the effect of fatigue upon Plaintiff's ability to perform the duties of Plaintiff's own occupation; failed to take into consideration the effects of the prescribed medication that Plaintiff was taking upon Plaintiff's ability to perform the duties of Plaintiff's own occupation; relied upon the opinions of physicians who did not examine Plaintiff, and were financially biased and/or not qualified to refute the findings of Plaintiff's physicians; and failed to give adequate weight to the MR. BOOKER's award of Social Security Disability benefits.

28. Based upon the substantial medical evidence in the possession of LINA at the time of the denial, the decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan.

29. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about September 21, 2013, to the present date.

30. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

31. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits including, but not limited to, any medical, vision and dental benefits, life insurance and pension, with reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about November 16, 2012, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan

to which he might be entitled while receiving disability benefits including, but not limited to, any medical, vision and dental benefits, life insurance and pension, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: September 26, 2014

**D** DarrasLaw

/s/ Frank N. Darras

FRANK N. DARRAS
LISSA A. MARTINEZ
SUSAN B. GRABARSKY
PHILLIP S. BATHER
SHAWN S. DHILLON
Attorneys for Plaintiff
LASELLE BOOKER